UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 20-cr-10023-GAO

UNITED STATES OF AMERICA

v.

BERNADITO CARVAJAL

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

April 21, 2020

Boal, M.J.

    Defendant Bernadito Carvajal is charged in a two-count indictment with distribution of fentanyl and cocaine, resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), and distribution of and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1). Docket No. 13. The government moves for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) and (E) and 3142(f)(2)(A).

    An initial appearance was held on August 1, 2019, at which the defendant consented to voluntary detention without prejudice. Docket Nos. 5, 7. On April 14, 2020, Carvajal filed a motion for emergency release from custody. Docket No. 23. Because this Court had issued a voluntary order of detention, it construed that motion as one for a detention hearing. Docket No. 24. The government filed an opposition on April 16, 2020, Docket No. 26, and this Court held a hearing via videoconference on April 20, 2020. By agreement, the parties proceeded by proffer and the government introduced ten exhibits into evidence.

1

After careful consideration of the evidence, the parties' arguments at the hearing, the presumption applicable to this case, and a Pretrial Services Report recommending detention, this Court orders Carvajal detained pending trial.

## I. ANALYSIS

### A. Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, this Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791 (citations omitted).

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed

an offense punishable under the Controlled Substances Act by a term of incarceration of 10 years or more, a rebuttable presumption of danger and flight arises.  18 U.S.C. § 3142(e)(3)(A).  The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  Without credible evidence to rebut the presumption, the presumption alone may justify detention.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the government.  Jessup, 757 F.2d at 381.

### B. Nature Of The Offense

The government alleges that Carvajal sold fentanyl to a 26-year-old man who later overdosed.  Docket 1-1 at 3.  The government further alleges that even after Carvajal knew of the overdose he sold fentanyl to an undercover investigator.

### C. Defendant's History And Characteristics

Carvajal is 28 years old.  He was born in the Dominican Republic.  In 2017, Carvajal emigrated to the United States on a B2 visitor's visa, which expired on October 20, 2017.  Probation reports that there is an active ICE detainer for Carvajal.

Since April 2017, Carvajal has lived in Lawrence, Massachusetts.  Prior to his arrest, Carvajal worked at an Olive Garden restaurant in Methuen, Massachusetts.  He earned a high school diploma from a Dominican high school.

In his pretrial services interview, Carvajal stated that he was diagnosed with tuberculosis during his incarceration on the pending charges.

### D. Risk of Flight

Carvajal grew up in the Dominican Republic and has a four-year-old son there. His mother lives in the Turks and Caicos, where he resided in 2016. Prior to his arrest, Carvajal had daily contact with his son, and regularly sent money to support him. Since 2018, Carvajal has been in a significant relationship with his now fiancé, who lives in Lawrence.

Carvajal has an active Dominican passport and has not travelled outside of Massachusetts since his 2017 entry to the United States.

### E. Dangerousness

Narcotics trafficking is encompassed within Congress's definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). As indicated above, the government alleges that Carvajal distributed fentanyl and cocaine, resulting in a death.

Carvajal has no criminal record.

### F. Assessment Of All Factors

This Court has carefully considered the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142. Carvajal's proposed release plan includes home incarceration, an unsecured bond, and his fiancé as a third-party custodian.

Carvajal is charged with drug trafficking resulting in death. He is in the United States illegally and has strong ties to the Dominican Republic. On the other hand, he has no history of violence, no criminal record, and a strong relationship with his girlfriend, with whom he proposes to live upon his release. While this Court is mindful of the dangers posed by the COVID-19 public health crisis in custodial settings, the present record lacks any medical

evidence connecting Carvajal's tuberculosis diagnosis with increased risks to him from COVID-19.

In light of the serious nature of Carvajal's offenses, his immigration status, his strong ties to the Dominican Republic, and the presumption applicable to this case, this Court finds that no condition or combination of conditions will reasonably assure the appearance of Carvajal as required and the safety of the community.

## **ORDER OF DETENTION**

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Bernadito Carvajal be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Bernadito Carvajal be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Bernadito Carvajal is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## **RIGHT OF APPEAL**

THE PERSON DETAINED BY THIS ORDER MAY FILE AN APPEAL FROM A RELEASE OR DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(c).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge