UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 20-10023-GAO

UNITED STATES OF AMERICA,

v.

BERNARDITO CARVAJAL, a/k/a "Christian Mendez-Acevedo,"
Defendant.

FINDINGS AND ORDER
June 14, 2021

O'TOOLE, S.D.J.

Bernardito Carvajal is charged with distribution of fentanyl and cocaine resulting in death in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and distribution of and possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). He has moved to suppress evidence recovered from an authorized forensic search of two cell phones that were seized at the time of his arrest. An evidentiary hearing and oral argument on his motion were held on May 11, 2021.

**I.**     **Factual Findings**

After consideration of the evidence adduced at the hearing, written submissions, and oral arguments of counsel, I find the following facts pertinent to the motion to suppress:

On June 13, 2019, a person with the initials "RT" died of an apparent drug overdose. Using information from the decedent's cell phone, law enforcement officers were able to identify a Facebook page and cell phone numbers that appeared to indicate means of communications between RT and the supply source for his drugs. In particular, analysis of RT's phone identified the cell phone number 351-277-9880 ("the 9880 phone") as one he used to set up drug purchases.

On July 31, 2019, an undercover law enforcement agent sent a text message to the 9880 phone purportedly seeking to arrange a purchase of fentanyl. The person operating that phone sent a return text message instructing the agent to meet him at a particular location and time. At the appointed time, a white Lexus sedan arrived at the meeting location. The agent entered the sedan and a person later determined to be the defendant gave him approximately fourteen grams of fentanyl in exchange for $400. Not long thereafter, the defendant was arrested after a short pursuit and taken into custody. Two cell phones were found in the car he was driving. An agent dialed 351-277-9880 and one of the cell phones rang. Agents seized both cell phones.

About two weeks later, Special Agent Glen Coletti of the Drug Enforcement Agency applied for and obtained a warrant to search the cell phones seized from the defendant's car at the time of his arrest. During the approximately two weeks between the seizure of the phones at the time of the defendant's arrest and the application for the search warrant, the defendant remained in custody and made no attempt to seek return of the cell phone. Law enforcement agents were eventually able to unlock the 9880 phone and recover evidence from it.

## II.   Conclusions of Law

The defendant argues that the fourteen-day delay between the seizure of his cell phones at arrest and the application for the search warrant was an "unreasonable" interference with his possessory interest in the cell phones and thus violated his Fourth Amendment rights. The argument is unpersuasive.

The cases relied on by the defendant are inapposite. The 9880 phone was *itself* evidence of a crime. There is no question that it was used to set up the sting that resulted in the defendant's arrest, just as it had apparently been used to set up several of RT's buys. It thus was—apart from its stored contents—evidence of the crime charged in Count II the present indictment. It is plain

that it was justifiably seized pursuant to a lawful arrest and thereafter retained in police custody as evidence of a charged crime.

The defendant does not contend that the warrant issued by the magistrate judge to search the phone was not supported by probable cause. Such an argument would be futile.[1] Instead, he makes the strange argument that the agents should have acted sooner to secure a warrant that he implicitly concedes was legitimately issued. Thus, his complaint is that agents did not act promptly enough to discover additional incriminating evidence against him. That is not a winning argument.

Gilding the lily: There is nothing in the record to support a conclusion that agents were not acting in good faith in taking two weeks to apply for the warrant. Accordingly, the "good faith" exception announced in United States v. Leon, 468 U.S. 897 (1984), applies in any event.

### III. Conclusion

For the foregoing reasons, the defendant's Motion to Suppress Search of Cell Phones (dkt. no. 65) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge

---

[1] The application for the search warrant is in the record.