UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 20-10023-GAO |
| ) | |
| BERNADITO CARVAJAL, ) | |
| ) | |

**MOTION TO ADMIT UNOBJECTED TO RECORDS**

Now comes the Defendant in the above entitled matter and moves this Honorable Court to permit the introduction of evidence, beyond the exhibit deadline imposed by the Court in its September trial order, which are admissible under the Federal Rules of Evidence and are unobjected to by the Government. Counsel apologizes for the inconvenience to the Court, for not providing the exhibits by the scheduling order, but would indicate that the Court's order affects the Defendant's case due to no fault of his own, but of his attorney.

The Court's trial order indicated that exhibit "shall" be submitted by 7 days prior to the start of trial. The order did not indicate that documents could not be filed after such a deadline; and the session clerk, Mr. Lyness, indicated that new exhibits could be provided to him during the trial.[1] The deadline created required Counsel to file all exhibits on November 8th, the initial trial date set by the court. Counsel was unable to file certain exhibits by that deadline. Counsel has spoken to the Government who does not object to the introduction of any of these items. They are listed as:

**Defense 106:** **Medical Records from the Winchester Hospital**: These records were obtained by the Government and not turned over to Counsel until November 8th. (The same day as the deadline). Counsel had not opportunity to review them prior to the deadline. These records were from a hospital visit in March 2019 (3 months

---

[1] In fact since the Deadline of November 8th, the government has amended its witness list, without objection, and as recently as November 12th, Counsel was informed that he could submit exhibits so long as they met the JERS requirements and were on a CD.

before his death) were subsequently shown to the Government's and Defense experts and are crucial to understanding the Decedent's medical leading up to his death.

**Defense 107:** **Medical Records from the Lowell Hospital**: These records were turned over to Defense Counsel on October 21. (Only two weeks prior to the deadline). Counsel did not have time to fully review them, realize their need for the trial, and have them prepared and submitted within such a short period of time. These records were from a hospital visit in April of 2016 and April 2017 that detail the Decedent's medical conditions. They were subsequently shown to the Government's and Defense experts and are crucial to understanding the Decedent's medical leading up to his death.

**Defense 108:** **Santander Bank Records**: The Defense will seek to use these records to impeach Government witnesses regarding the withdrawal of money by Mr. Tonks. Counsel should not be required to disclose which sections prior to impeachment. Counsel will provide hard copies to the Government and the Court prior to showing any such exhibits to the Witness. These records were obtained by the Government and are within the Government's possession.

**Defense 111: Defendant's Passport;**
**Defense 112: Business Records Horseshow Grill;**
**Defense 113: Business Records Olive Garden;**

Each of these items were not received by Counsel prior to November 8th. The need to introduce the items are a direct result of the Court's ruling on the Government's motion to admit evidence of the Defendant's use of an alias, as they each corroborate statements made to the Agents at the time of his arrest and present a timeline of how the alias was being used. Counsel has provided copies of each of them to the Government who has indicated they do not object to their admission.

Given that the Government does not object to their admission, Counsel would request that the Court reconsider its ruling and permit the introduction of these pieces of evidence substantively. Counsel will understand the Court order that other items, such chat messages, and that arise during cross examination, may or may not be permitted by the Court to be introduced. To prohibit the Defendant from introducing substantively documents and exhibits that were (1) in the possession of the Government, (2) admissible under the Rules of evidence, and (3) is unobjected to by the Government, because Counsel failed to comply with the Court's scheduling

order deprives the Defendant his right to a fair trial and would demonstrate that he is not receiving effective assistance of Counsel.

    Respectfully Submitted,
BERNADITO CARVAJAL
By his attorney,

_____
Eduardo Masferrer
Masferrer & Associates, P.C.
45 Bromfield St., 5th Floor
Boston, MA 02108
BBO# 644623