UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          CRIMINAL NO. 20-CR-10023-GAO
                                  )
BERNADITO CARVAJAL,               )
                                  )
        Defendant.

**DEFENDANT'S MOTION FOR A REQUIRED FINDING OF NOT GUILTY ON
COUNT ONE WITH INCORPORATED MEMORANDUM OF LAW.**

 Bernadito Carvajal, the defendant in the above entitled and enumerated case  moves this

Honorable court, pursuant to F. R. Crim P. 29 to enter a finding of not guilty to Count One of the

Indictment which charges Mr. Carvajal with the distribution of fentanyl and cocaine insofar as it

alleges that the use of these substances caused the death of Richard Tonks, in violation of  21

U.S.C. §§ 841(a)(1) and (b)(1)(C).

**I.       THE GOVERNMENT HAS PRESENTEND INSUFFICIENT EVIDENCE
         TO PROCEED ON A THEORY THAT BOTH COCAINE AND
         FENTANYL ARE THE BUT FOR CAUSE OF THE DEATH OF R.T.**

The evidence presented by the government is insufficient as a matter of law to sustain a

conviction on this charge.   A defendant is entitled to acquittal if the government has not proven

beyond a reasonable doubt that death resulted from the use of the BOTH substances, as indicated

in the indictment, unless such use is a" but-for" cause of the death. *Burrage v. United States,* 571

US 204 (2014).

Two witnesses testified for the government on the cause of death of Mr. Tonks. Dr.

Capo-Martinez is a medical examiner for the Commonwealth of Massachusetts.  She made a

visual observation of the body of Richard Tonks, reviewed police reports, limited medical

records and the results of a " quick test" of   controlled substances in the urine.[i] On this basis, she testified that the <u>probable</u> cause of death was the combined usage of the two drugs, Fentanyl and Cocaine. She did not offer a "but-for" opinion that the combination of cocaine and fentaly caused the death of R.T. only that it was "probable." She testified that, without conducting an autopsy, she could not rule out that there could be another cause of death.

Dr. Steven Bird, a board-certified emergency medicine physician and medical toxicologist at the University of Massachusetts Medical Center testified that Richard Tonks did not die as a result of the cocaine or a of mixture. He opined that only the fentanyl would have caused the death of R.T. However,  as such the Government has not put forth any evidence that a reasonable jury could find that either the cocaine or the combination of cocaine and fentanyl cause the death of R.T.  However, he testified that he could not rule out certain natural causes of death – and that he did not disagree with the medical examiner's conclusions, who indicated she could not rule out several natural causes of death. As the indictment requires that the cause of death be the use of both fentanyl AND cocaine ("and the use of such substances resulted in his death."  Thus, his conclusion insufficient to support a guilty finding.

**II.    DR. BIRD'S OPINION REGARD THE FENTANYL BEING THE 'BUT-FOR" CAUSE OF R.T.'S DEATH MUST BE EXCLUDED AS (1) HE IS NOT QUALIFIED TO GIVE HIS OPINION IN THIS CASE AND (2) HE DID NOT FOLLOWING HIS OWN METHADOLOGY WHEN REACHING HIS OPINION.**

Mr. Carvajal renews his objections to the admissibility of Dr. Bird's testimony.  As detailed in the Defendant's Motion in Limine to exclude his testimony (Docket # 114), Dr. Bird is not qualified to give a medical opinion on the cause of death and used insufficient and unreliable data. Defendant here incorporates the arguments in that motion. Furthermore, Dr. Bird has conceded that he cannot rule out certain natural causes of death. As such his opinion while

couched in the "but-for" language, is actually conditional as he cannot rule out other causes of

death.

  For these reasons, the Court must find that Bernadito Carvajal is not guilty on Count One
of the indictments.

        Respectfully Submitted,

        BERNADITO CARJAVAL
        By his attorneys,

        Eduardo Masferrer BBO# 644623
        Lenore Glaser, Esq. BBO# 194220
        Masferrer & Associates, P.C.
        45 Bromfield St., 5th Floor
        Boston, MA 02108